**EXHIBT A**



# Service of Process Transmittal
02/21/2018
CT Log Number 532835836

**TO:** Jacqueline Studer
IDEXX Laboratories, Inc.
1 Idexx Dr
Westbrook, ME 04092-2041

**RE:** Process Served in Texas

**FOR:** IDEXX Laboratories, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | The Board of Regents of The University of Texas System, Pltf. vs. IDEXX Laboratories, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 189th Judicial District Court, Harris County, TX<br>Case # 201808064 |
| **NATURE OF ACTION:** | IDEXX has not made payment for the just amount owed the Board |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/21/2018 at 14:10 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | J. Hoke Peacock III<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>713-651-9366 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780109147418<br><br>Image SOP<br><br>Email Notification, Lily Lu Lily-Lu@idexx.com<br><br>Email Notification, Deborah Frank Deborah-Frank@idexx.com<br><br>Email Notification, Brandi Peterson Brandi-Peterson@idexx.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | | |
|---|---|---|
| RECEIPT NUMBER | | 0.00 |
| TRACKING NUMBER | 73460693 | ATY |

**CAUSE NUMBER** 201808064

| | |
|---|---|
| PLAINTIFF: BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM<br>vs.<br>DEFENDANT: IDEXX LABORATORIES INC | In The 189th<br>Judicial District Court of<br>Harris County, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

DELIVERED THIS 21 DAY OF Feb 2018
AT: 2:10 AM/PM
BY: _____
PROFESSIONAL CIVIL PROCESS
INITIALS: ___ LIC# 1205

TO: IDEXX LABORATORIES INC (DELAWARE CORPORATION) MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900 DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on the 6th day of February, 20 18, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this 7th day of February, 20 18.

Issued at request of:
PEACOCK, JAMES HOKE III
1000 LOUISIANA ST, SUITE 5100
HOUSTON, TX 77002
TEL: (713) 651-9366
Bar Number: 15673980

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: ELDRIDGE, WALTER F   J8P//10876972

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____, _____,
(STREET ADDRESS) (CITY)
in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___.M.,
by delivering to _____, by delivering to its
(THE DEFENDANT CORPORATION NAMED IN CITATION)
_____, in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)
a true copy of this citation, with a copy of the _____ Petition attached,
(DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")
and with accompanying copies of _____.
(ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____     By: _____
                            (SIGNATURE OF OFFICER)

                     Printed Name: _____

_____      As Deputy for: _____
Affiant Other Than Officer                   (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20____.

                                    _____
                                    Notary Public

N.INT.CITC.P                    *73460693*

2/6/2018 4:19 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22338101
By: Walter Eldridge
Filed: 2/6/2018 4:19 PM

**2018-08064 / Court: 189**

CAUSE NO. _____

| | | |
|---|---|---|
| The Board of Regents of | § | |
| The University of Texas System, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| IDEXX Laboratories, Inc., | § | |
| | § | |
| Defendant. | § | \_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff the Board of Regents of The University of Texas System ("Plaintiff" or "the Board") files this Original Petition against Defendant IDEXX Laboratories, Inc. ("Defendant" or "IDEXX"), and alleges as follows:

### I.
### Discovery-Control Plan

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief aggregating $100,000 or more.

2. Plaintiff seeks monetary relief over $1,000,000.

### II.
### Parties

3. Plaintiff is the Board of Regents of The University of Texas System, which was established for the purpose of governing The University of Texas System. The powers and duties of the Board are set forth generally in Chapter 65 of the Texas Education Code. The Board maintains its offices at 201 West 7th Street, Austin, Texas 78701.

4. Defendant IDEXX is a Delaware corporation having a place of business located at One IDEXX Drive, Westbrook, Maine 04092. IDEXX may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.
### Jurisdiction

5. The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. *See* Tex. Gov't Code § 24.007.

6. The Court has personal jurisdiction over IDEXX because IDEXX purposefully availed itself of the privileges and benefits of conducting business in Texas. In particular, IDEXX has placed its products into the stream of commerce in Texas, has directed marketing and sales of those products in Texas to Texas customers, has established regular channels of communication with Texas customers, and has engaged in other profit making activities in Texas. Upon information and belief, IDEXX operates at least one reference laboratory or testing facility in Texas. IDEXX has entered into multiple contracts with Texas entities, including the Board and The University of Texas System and its constituent institutions and entities.

7. Moreover, IDEXX's liability arises out of its activity within Texas—specifically, the breach of its September 30, 2000 exclusive license with the Board regarding certain intellectual property owned by the Board. Even IDEXX's acts outside of Texas, including its decision to breach its agreement with the Board by underpaying royalties, had reasonably foreseeable consequences in Texas.

## IV.
## Venue

8.  Venue is proper in Harris County under Texas Civil Practice & Remedies Code § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

## V.
## Facts

9.  On September 30, 2000, the Board and IDEXX entered into a license agreement ("Agreement") related to patented technology owned by the Board. That patented technology relates to the diagnosis, prophylaxis, and treatment of Lyme disease. The Agreement granted IDEXX a world-wide, royalty-bearing, exclusive license to manufacture, have manufactured, use, distribute, Sell, offer to Sell, import, lease, loan or otherwise commercialize certain Licensed Products.

10. The Agreement, attached as Exhibit 1, provides for a multi-tiered royalty structure based on the type of Licensed Product (*e.g.*, diagnostic test) sold by IDEXX. Section 5.1(b) of the Agreement provides for a running royalty rate as follows:

> i. Four percent (4.0%) of Net Sales for all Licensed Products Sold to detect Lyme disease alone.
>
> ii. One percent (1.0%) of Net Sales for all Licensed Products Sold to detect Lyme disease in combination with one other veterinary diagnostic test or service (for example, but not limited to, a canine heartworm diagnostic test or service). Such royalty rate shall be reduced by a percentage rate equal to the percentage rate paid to a third party, other than sublicensees and Affiliates, for products or components used by IDEXX exclusively in the production or Sale of the Licensed Product. However, the total reduction of the royalty rate shall not exceed one-half percent (0.5%).
>
> iii. Two and one-half percent (2.5%) of Net Sales for all Licensed Products Sold as a product or service to detect Lyme disease in combination with one or more veterinary diagnostic products or services to detect tick-borne disease(s).

11. IDEXX sells Licensed Products known as SNAP tests. SNAP tests are combination tests that include at least three tests: (1) the C6 Quant test for Lyme disease, which is a "Licensed Product" under the Agreement, (2) a heartworm test, and (3) at least one test for another tick-borne disease. Thus, under § 5.1(b)(iii) of the Agreement, IDEXX should pay 2.5% of Net Sales of the SNAP combination tests. IDEXX began paying royalties under the Agreement in April 2004. Since that time, however, IDEXX has paid 0.5% of Net Sales of the SNAP combination tests. In breach of the Agreement, IDEXX did not pay 2.5% of Net Sales of the SNAP combination test products, which include one or more other tests to detect tick-borne diseases. This breach resulted in underpayment of royalties under the Agreement.

12. Further, Section 5.1(b) of the Agreement states that the 4%, 1% (with a possible reduction to 0.5%), and 2.5% royalties apply to **Net Sales** of Licensed Products. In calculating royalties owed under the Agreement, IDEXX improperly used an allocation factor of the standard cost of each test used in the combination product, and then applied the royalty to the allocated cost. The Agreement does not provide for this reduction in royalty base. Accordingly, IDEXX's use of this allocation factor violated the Agreement and resulted in underpayment of royalties.

VI.
Causes of Action

Count One:
Breach of Contract

13. The Board incorporates and adopts the facts and allegations set forth in the preceding paragraphs.

14. The Agreement is a valid and enforceable contract governed by Texas law.

15. The Board is a proper party to sue for IDEXX's breach of the Agreement.

16. The Board performed and tendered performance of its contractual obligations under the Agreement.

17. IDEXX breached the Agreement by underpaying royalties owed under the Agreement. Specifically, IDEXX paid 0.5% of Net Sales instead of 2.5% of Net Sales. IDEXX should have paid 2.5% of Net Sales under §5.1(b)(iii) of the Agreement on SNAP products or services to detect Lyme disease in combination with one or more veterinary diagnostic products or services to detect tick-borne disease(s). The Agreement unambiguously states that products and services testing for Lyme disease and another tick-borne diseased bear a royalty of 2.5% of Net Sales.

18. IDEXX further breached the Agreement by improperly using an allocation factor of the standard cost of each test used in the combination product, and then applying the royalty to the allocated cost. The Agreement does not provide for this reduction in royalty base. Accordingly, IDEXX's use of this allocation factor violated the Agreement and resulted in additional underpayment of royalties.

19. IDEXX's breaches caused the Board monetary injury in the form of underpayment of royalties.

20. Additionally, under §5.6 of the Agreement, the Board is entitled to interest on IDEXX's unpaid and underpaid royalties.

## VII.
### Jury Demand

21. The Board demands a jury trial and tenders the appropriate fee with this petition.

## VIII.
### Conditions Precedent

22. All conditions precedent to the Board's claims for relief have been performed or have occurred.

23. Based on the foregoing conduct, the Board was forced to engage attorneys to represent them.

24. The Board is in the process of presenting the foregoing claims to IDEXX or its duly authorized agents.

25. IDEXX has not made payment for the just amount owed the Board.

26. The Board is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code Chapter 38 because this suit is for breach of a written contract.

## IX.
## Request for Disclosure

27. Under Texas Rule of Civil Procedure 194, the Board requests that IDEXX disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## X.
## Prayer for Relief

28. The Board asks that the Court issue citation for IDEXX to appear and answer, and that the Board be awarded a judgment against IDEXX for the following:

    a. Actual damages, including but not limited to the underpayment of royalties as well as interest as set forth in the Agreement;

    b. Prejudgment and post-judgment interest;

    c. Court costs;

    d. Reasonable and necessary attorney's fees; and

    e. All other relief to which it is entitled.

Dated: February 6, 2018

Respectfully submitted,

**SUSMAN GODFREY L.L.P.**

By: */s/ J. Hoke Peacock III*
    J. Hoke Peacock III
    State Bar No. 15673980
    tpeacock@susmangodfrey.com
    John P. Lahad
    State Bar No. 24068095
    jlahad@susmangodfrey.com
    Shawn D. Blackburn
    State Bar No. 24089989
    sblackburn@susmangodfrey.com
    1000 Louisiana Street, Suite 5100
    Houston, TX 77002
    Telephone: (713) 651-9366
    Fax: (713) 654-6666

*Attorneys for Plaintiff The Board of Regents of The University of Texas System*