IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:18-cv-00786 |
| IDEXX LABORATORIES, INC. | § § | |
| *Defendant.* | § | |

The Board's Motion to Remand

## Table of Contents

I.      Introduction ........................................................................................................1

II.     Nature and Stage of the Proceedings .................................................................1

III.    Statement of Issues To Be Ruled Upon ............................................................2

IV.     Legal Standard ...................................................................................................2

V.      Argument ...........................................................................................................3

    A.      Alter Egos of the State are Not a Citizens for Purposes of Diversity
Jurisdiction.............................................................................................3

    B.      The Board is an Alter Ego of the State of Texas. ..................................4

    C.      The *Tradigrain* Factors Confirm that the Board is an Alter Ego of the
State of Texas.........................................................................................6

VI.     Conclusion .........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Bank of Am.*,
 5 F. Supp. 3d 819 (N.D. Tex. 2014) ...........................................................................3

*Bd. of Regents of Univ. of Texas Sys. v. Comanche Apartments, Inc.*,
 568 S.W.2d 449 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.) ...........................7

*Butcher v. UTHSC*,
 2008 WL 4935723 (S.D. Tex. Nov. 18, 2008) ......................................................5, 7

*Caterpillar Inc. v. Lewis*,
 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) ...............................................3

*Cormier v. Chet Morrison Contractors, LLC*,
 85 F. Supp. 3d 880 (S.D. Tex. 2015) ........................................................................3

*De Aguilar v. Boeing Co.*,
 47 F.3d 1404 (5th Cir. 1995) ....................................................................................2

*Duncan v. Univ. of Texas Health Sci. Ctr. at Houston*,
 469 Fed. Appx. 364 (5th Cir. 2012)...........................................................................4

*Fantroy v. Dallas Area Rapid Transit*,
 2013 WL 2284879 (N.D. Tex. May 23, 2013) ..........................................................3

*Firemen's Ins. Co. of Newark, N.J. v. Bd. of Regents of Univ. of Texas Sys.*,
 909 S.W.2d 540 (Tex. App.—Austin 1995, writ denied).........................................7

*Gasch v. Hartford Acc. & Indem. Co.*,
 491 F.3d 278 (5th Cir. 2007) ....................................................................................2

*Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*,
 841 F.2d 1254 (5th Cir. 1988) ..................................................................................2

*Hall v. McRaven*,
 508 S.W.3d 232 (Tex. 2017)......................................................................................6

*Mississippi ex rel. Hood v. AU Optronics Corp.*,
 571 U.S. 161 (2014)...................................................................................................3

*Huang v. Bd. of Regents, Univ. of Texas Sys.*,
 2002 WL 534424 (Tex. App.—Austin Apr. 11, 2002, pet. denied) .........................7

*U.S. ex rel. King v. Univ. of Texas Health Sci. Ctr.-Houston*,
   907 F. Supp. 2d 846 (S.D. Tex. 2012) ...................................................................6

*Manguno v. Prudential Prop. & Cas. Ins. Co.*,
   276 F.3d 720 (5th Cir. 2002) .............................................................................2

*Maryland Stadium Auth. v. Ellerbe Becket Inc.*,
   407 F.3d 255 (4th Cir. 2005) .............................................................................5

*Members of Bd. of Regents v. Hilley*,
   1994 WL 708295 (Tex. App.—Dallas Dec. 21, 1994, writ denied).........................6

*Missouri, K. & T. R. Co. v. Missouri Railroad and Warehouse Comm'rs*,
   183 U.S. 53 (1901).............................................................................................3

*Olivier v. Univ. of Texas Sys.*,
   988 F.2d 1209 (5th Cir. 1993) ...........................................................................4

*PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*,
   81 F.3d 1412 (5th Cir. 1996) .............................................................................6

*Scott v. Pfizer Inc.*,
   182 Fed. Appx. 312 (5th Cir. 2006).....................................................................5

*Strauss v. Am. Home Products Corp.*,
   208 F. Supp. 2d 711 (S.D. Tex. 2002) ................................................................3

*Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*,
   217 Fed. Appx. 391 (5th Cir. 2007).....................................................................4

*Tegic Communications Corp. v. Bd. of Regents of Univ. of Texas Sys.*,
   458 F.3d 1335 (Fed. Cir. 2006)........................................................................5, 7

*Tradigrain, Inc. v. Mississippi State Port Auth.*,
   701 F.2d 1131 (5th Cir. 1983) .....................................................................4, 6, 8

*United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.*,
   665 F.2d 553 (5th Cir. 1982) .............................................................................4

*Univ. of Idaho v. Great Am. Ins.*,
   2005 WL 2367538 (D. Idaho Sept. 27, 2005)........................................................5

*Univ. of Tennessee v. U.S. Fid. & Guar. Co.*,
   670 F. Supp. 1379 (E.D. Tenn. 1987)..................................................................5

*Watson v. UTHSC*,
   2009 WL 1476469 (S.D. Tex. May 27, 2009) .......................................................4

*Wright v. Combined Ins. Co. of Am.*,
    959 F. Supp. 356 (N.D. Miss. 1997) ....................................................................3

*Xechem Intern., Inc. v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
    382 F.3d 1324 (Fed. Cir. 2004) ..........................................................................5

## Statutes

28 U.S.C.A. § 1332 ................................................................................................5

28 U.S.C. § 1332(a) ..............................................................................................3

28 U.S.C. § 1447(c) ..............................................................................................2

Tex. Educ. Code § 65.02 ......................................................................................7

Tex. Educ. Code § 65.11 ......................................................................................6

Tex. Educ. Code § 65.31 ...................................................................................6, 7

Tex. Educ. Code § 65.33 ......................................................................................8

Tex. Educ. Code § 65.39 ......................................................................................7

Tex. Educ. Code § 66.01 ......................................................................................7

Tex. Educ. Code § 66.02 ......................................................................................7

Tex. Gov't Code Ann. § 572.002(10)(B) ...............................................................6

Tex. Gov't Code § 441.101(3) ..............................................................................5

## Constitutional Provisions

Tex. Const. Article VII, § 10 ................................................................................6

# I.
## Introduction

The Board of Regents of the University of Texas System ("the Board") initiated this lawsuit in Harris County District Court. Defendant IDEXX Laboratories, Inc. ("IDEXX") removed this suit to this Court on the basis of diversity jurisdiction. The Board, however, is not a citizen for purposes of diversity jurisdiction. Indeed, the Board's mere presence in this suit destroys diversity and deprives the Court of subject matter jurisdiction. This case must be remanded to the Harris County District Court.

# II.
## Nature and Stage of the Proceedings

The Board filed this breach-of-contract case in Harris County District Court on February 6, 2018. Dkt. 1-2. IDEXX removed the case to this Court solely on the basis of diversity jurisdiction on March 13, 2018. Dkt. 1. The Court set a bifurcated schedule and ordered competing summary judgment motions regarding the interpretation of §5.1(b) of the parties' Patent License Agreement be filed by October 26, 2018. Dkt. 26. Those motions are fully briefed. On February 28, 2019, the Board first learned that diversity jurisdiction was lacking in this case. Dkt. 67. That same day, counsel for the Board discussed the issue with counsel for IDEXX. The Board notified the Court on March 1, 2019, that the Court may lack subject matter jurisdiction over this case and asked the Court to delay ruling on pending substantive motions while the issue could be investigated and briefed. *Id.* On March 4, 2019, the Court granted the Board's request and ordered the Board to "file a motion to remand or other advisory concerning diversity jurisdiction on or before March 20, 2019." Dkt. 69. The Board now files this motion to remand.

### III.
### Statement of Issues To Be Ruled Upon

Whether this case should be remanded to Harris County District Court as diversity jurisdiction is lacking because the Board is an alter ego of the State of Texas.

### IV.
### Legal Standard

When assessing the bounds of its jurisdiction, on a motion to remand the court "consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party "bears the burden of establishing that federal jurisdiction [lies]." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Federal courts strictly construe the removal statutes, "and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). "[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Pursuant to 28 U.S.C. § 1447(c), if a district court determines "at any time before final judgment ... that [it] lacks subject matter jurisdiction, the case shall be remanded."

V.

Argument

This case must be remanded because diversity jurisdiction does not exist, and there is no

other basis for this Court's jurisdiction.[1]

A.    Alter Egos of the State are Not a Citizens for Purposes of Diversity Jurisdiction.

Under diversity jurisdiction, district courts have original jurisdiction over civil actions

between "citizens of different States," where the amount in controversy is over $75,000. 28

U.S.C. § 1332(a). The diversity statute has been interpreted to require "complete diversity"—in

other words, the citizenship of every plaintiff must be different from that of every defendant.

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

"[A] State's presence as a party will destroy complete diversity." *Mississippi ex rel. Hood*

*v. AU Optronics Corp.*, 571 U.S. 161, 174, (2014) (*citing Missouri, K. & T. R. Co. v. Missouri*

*Railroad and Warehouse Comm'rs*, 183 U.S. 53, 58–59 (1901)). It is likewise "well established

---

[1] The Board anticipates IDEXX will argue that subject matter jurisdiction exists on some basis other than diversity. Because IDEXX's notice of removal is limited to diversity jurisdiction, Dkt. 1, any such argument is improper and ineffective. *See Cormier v. Chet Morrison Contractors, LLC*, 85 F. Supp. 3d 880, 884 (S.D. Tex. 2015) ("While removal notices are to be construed with some liberality, Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal. . . . [Newly raised grounds for removal] cannot, therefore, serve as the grant of jurisdiction [defendant] requires to remove this case to federal court and the case must be remanded."); *Fantroy v. Dallas Area Rapid Transit*, 2013 WL 2284879, at *8 (N.D. Tex. May 23, 2013) ("the Court rejects DART's alternative argument that this Court has jurisdiction based on federal question under ERISA, as this was presented for the first time in DART's responsive briefing. . . ."); *Allen v. Bank of Am.*, N.A., 5 F. Supp. 3d 819, 834 (N.D. Tex. 2014) ("[Defendant] has improperly raised diversity jurisdiction as a basis for this Court's jurisdiction because this ground was not raised in the notice of removal and [defendant] has never amended its notice of removal to include diversity jurisdiction in support of removal."); *Strauss v. Am. Home Products Corp.*, 208 F. Supp. 2d 711, 717 (S.D. Tex. 2002) ("A defendant may not amend its removal notice to remedy a substantive defect (i.e., to add a new basis for federal jurisdiction) after the thirty-day time limit expires."); *Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356, 359–60 (N.D. Miss. 1997) (Defendant "may not allege new jurisdictional grounds for removal.").

that a state is not a 'citizen' for purposes of diversity jurisdiction." *Tradigrain, Inc. v. Mississippi State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir. 1983). "If suit is brought against an agency which is merely an alter ego of the state, it follows that federal jurisdiction is also lacking." *Id.* Under Fifth Circuit law, the test for whether a state entity qualifies as an alter ego or arm of the state for purposes of determining diversity jurisdiction is "virtually identical" to the test for determining whether that entity qualifies as an alter ego for purposes of Eleventh Amendment sovereign immunity. *Id.*

B.    <u>The Board is an Alter Ego of the State of Texas.</u>

The Board is the alter ego or an arm of the State of Texas for sovereign immunity purposes and therefore diversity purposes. In *Olivier v. Univ. of Texas Sys.*, 988 F.2d 1209 (5th Cir. 1993), the Fifth Circuit recognizes that "[a]n action against the Board as an entity would be barred by the eleventh amendment because the Board is an agency of the State of Texas." *See also United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 561 (5th Cir. 1982) ("We hold, therefore, that the eleventh amendment bars this suit against the Board of Regents of "[Stephen F. Austin State University]").

The Fifth Circuit has likewise held that the entities governed by the Board including the University of Texas System and its constituent institutions are arms of the state for these purposes. In *Duncan v. Univ. of Texas Health Sci. Ctr. at Houston*, 469 Fed. Appx. 364, 366 (5th Cir. 2012), the Fifth Circuit expressly stated that "[a]s a public university, UTHealth enjoys the state's sovereign immunity." *See also Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 Fed. Appx. 391, 392 (5th Cir. 2007) ("It is undisputed that UTHSC, as an arm of the State, is entitled to Eleventh Amendment immunity absent Congressional abrogation or voluntary waiver."); *Watson v. UTHSC*, 2009 WL 1476469, at *1 (S.D. Tex. May 27, 2009) ("Defendant UTHSC, as a part of the University of Texas System, is a State agency protected by

Eleventh Amendment sovereign immunity."); *Butcher v. UTHSC*, 2008 WL 4935723, at *2 (S.D. Tex. Nov. 18, 2008) ("The Fifth Circuit has consistently found that the University of Texas, and its health institutions, are protected by sovereign immunity."); *Scott v. Pfizer Inc.*, 182 Fed. Appx. 312, 315 (5th Cir. 2006) (holding that the University of Texas Medical Branch "is an agency of the State of Texas, giving it Eleventh Amendment immunity.").

The Federal Circuit also recognizes that the Board is an alter ego of the State of Texas. *Xechem Intern., Inc. v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 382 F.3d 1324, 1327 (Fed. Cir. 2004) (referring to the Board and M.D. Anderson stating, "The University of Texas is deemed to be an arm of the State of Texas."); *Tegic Communications Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1339–40 (Fed. Cir. 2006) ("The University of Texas System is deemed to be an arm of the State of Texas, *see* Tex. Gov't Code § 441.101(3), and Tegic does not dispute that the University is accorded Eleventh Amendment immunity.").

Similarly, courts routinely hold that diversity jurisdiction is absent and remand to state court where state universities have sued, and defendants removed to federal court. *See Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 256 (4th Cir. 2005) ("We conclude that the district court lacked removal jurisdiction because the University is an alter ego of Maryland and, therefore, is not a "citizen" for purposes of diversity jurisdiction under 28 U.S.C.A. § 1332"); *Univ. of Tennessee v. U.S. Fid. & Guar. Co.*, 670 F. Supp. 1379, 1387 (E.D. Tenn. 1987) ("UT [University of Tennessee] is an arm, agency or alter ego of the State for diversity of citizenship purposes. . . . The court, therefore, is constrained to hold that it does not have subject matter jurisdiction over UT and must remand this case to the Circuit Court for Knox County, Tennessee for trial."); *Univ. of Idaho v. Great Am. Ins. Co.*, *Inc.*, 2005 WL 2367538, at *6 (D. Idaho Sept. 27, 2005) ("the Court will consider the University an arm of the State of Idaho for diversity

purposes. As a result of this finding, the Court concludes that the removal of this matter to this Court was improper and orders that it be remanded.").

C.    The *Tradigrain* Factors Confirm that the Board is an Alter Ego of the State of Texas.

The *Tradigrain* court recognized that when an "agency's status is unclear, the court must look to any and all available sources for guidance" and enumerated a series of factors to consider. *Tradigrain*, 701 F.2d at 1132; *see also PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1416 (5th Cir. 1996) (listing the factors as "(1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of entity funding; (3) the degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide problems; (5) the authority to sue and be sued in its own name; and (6) the right to hold and use property.").

Given the Fifth Circuit and numerous other courts' pronouncements, the Board's status as an alter ego of Texas is not unclear. Nonetheless, these factors demonstrate that the Board is an alter ego of the state for diversity jurisdiction purposes. "The University of Texas was founded by the Republic of Texas in 1839 and reestablished after statehood in Texas's 1866 Constitution." *U.S. ex rel. King v. Univ. of Texas Health Sci. Ctr.-Houston*, 907 F. Supp. 2d 846, 851 (S.D. Tex. 2012) (citing Tex. Const. art. VII, § 10). The government of the University of Texas System is vested in the Board, whose regents are appointed by the governor with the advice and consent of the senate. Tex. Educ. Code § 65.11. The Board manages, operates, and supports its constituent institutions. Tex. Educ. Code § 65.31.

Texas defines public university systems as state agencies by statute. Tex. Gov't Code Ann. § 572.002(10)(B). Texas courts also treat the University of Texas System and the Board as a state agency. *See, e.g., Hall v. McRaven*, 508 S.W.3d 232, 234–35 (Tex. 2017); *Members of*

*Bd. of Regents v. Hilley*, 1994 WL 708295, at *10 (Tex. App.—Dallas Dec. 21, 1994, writ denied).

The "University of Texas system is administered with state funds." *Butcher*, 2008 WL 4935723, at *2. The University's funds are governed by the state constitution and held in the state treasury. Tex. Educ. Code § 66.01; Tex. Educ. Code § 66.02 ("All distributions from the permanent university fund shall be deposited in the State Treasury to the credit of the available university fund by the board of regents of The University of Texas System.")

The Board's concerns are statewide. The Board governs each of the University of Texas System's constituent institutions, which are located throughout the entire state. Tex. Educ. Code § 65.31; Tex. Educ. Code § 65.02. The Board also sues and is sued in its own name. *Tegic*, 458 F.3d at 1337 fn.2 (also noting that Board sued forty-eight defendants in the Western district of Texas); *see also Huang v. Bd. of Regents, Univ. of Texas Sys.*, 2002 WL 534424, at *1 (Tex. App.—Austin Apr. 11, 2002, pet. denied); *Firemen's Ins. Co. of Newark, N.J. v. Bd. of Regents of Univ. of Texas Sys.*, 909 S.W.2d 540, 541 (Tex. App.—Austin 1995, writ denied); *Bd. of Regents of Univ. of Texas Sys. v. Comanche Apartments, Inc.*, 568 S.W.2d 449, 450 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.).

The Board has the right to hold and use property. Tex. Educ. Code § 65.39 ("The board of regents of The University of Texas System has the sole and exclusive management and control of the lands set aside and appropriated to, or acquired by, The University of Texas System. The board may sell, lease, and otherwise manage, control, and use the lands in any manner and at prices and under terms and conditions the board deems best for the interest of The University of Texas System, not in conflict with the constitution."). The Board even has the

power of eminent domain, and the land it acquires becomes state property. Tex. Educ. Code §
65.33.

In short, there is no doubt that the Board is an alter ego of the State of Texas under
*Tradigrain*. Accordingly, the Board is not a citizen for purposes of diversity jurisdiction and a
remand to the Harris County District Court is necessary.

## VI.
## Conclusion

The Board is an alter ego of the State of Texas. There is no diversity of citizenship in this
case and the Court lacks subject matter jurisdiction over it. Accordingly, the Board requests that
the case be remanded to Harris County District Court.


Dated: March 20, 2019                                    Respectfully submitted,

                                                         */s/ J. Hoke Peacock III*
                                                         J. Hoke Peacock III
                                                         State Bar No. 15673980
                                                         S.D. Adm. No. 13529
                                                         tpeacock@susmangodfrey.com
                                                         SUSMAN GODFREY L.L.P.
                                                         1000 Louisiana Street, Suite 5100
                                                         Houston, Texas 77002-5096
                                                         Telephone: (713) 651-9366
                                                         Fax: (713) 654-6666

                                                         *Attorney-in-Charge for Plaintiff*

OF COUNSEL:

John P. Lahad
State Bar No. 24068095
S.D. Adm. No. 1114929
jlahad@susmangodfrey.com
Shawn Blackburn
State Bar No. 24089989
S.D. Adm. 2799811
sblackburn@susmangodfrey.com
SUSMAN GODFREY L.L.P.

1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

## CERTIFICATE OF CONFERENCE

I certify that on February 28, 2019 and March 1, 2019, counsel for the Board met and conferred telephonically with counsel for IDEXX regarding the relief requested in this motion, but the parties were unable to come to an agreement. The parties also exchanged emails on March 18, 2019 and March 19, 2019 regarding IDEXX's position on the motion. IDEXX is opposed to this motion.

*/s/ John P. Lahad*
John P. Lahad

## CERTIFICATE OF SERVICE

I certify that on March 20, 2019, a true and correct copy of this document properly was served on counsel of record via electronic service and email in accordance with the parties' agreement.

*/s/ J. Hoke Peacock III*
J. Hoke Peacock III